Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Tami G. Pinson;<br><br>        Plaintiff,<br><br>v.<br><br>Gurstel Chargo, P.A.;<br><br>        Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**I.  Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

**II.  JURISDICTION**

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  Venue lies

in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## III.  PARTIES

3. Plaintiff resides in Maricopa County, Arizona.
4. Plaintiff is a natural person who is allegedly obligated to pay a debt.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Gurstel Chargo, P.A. (hereinafter "Gurstel") is a Minnesota corporation doing business within the State of Arizona as a collection law firm.
7. Gurstel collects or attempts to collect debts owed or asserted to be owed or due another.
8. Gurstel is a "debt collector" as that term is defined by FDCPA § 1692a(6).

## IV.  Factual Allegations

9. Sometime prior to January 2012, Plaintiff incurred a debt through the use of a credit card account with Washington Mutual Bank ("WaMu").
10. The WaMu credit card was used primarily for personal, family, or household purposes.
11. Plaintiff subsequently defaulted on the WaMu credit card account.
12. After default, WaMu allegedly sold the credit card account to a third party who then allegedly sold it to T&I Enterprises.
13. In 2011 or 2012, T&I hired Gurstel to bring legal action against Plaintiff to collect on the credit card account.
14. On January 4, 2012, Gurstel filed a collection suit in the McDowell Mountain Justice Court to collect on the debt T&I allegedly purchased.
15. On or about March 12, 2012, Plaintiff appeared for mediation in the

|   |     |   |
|---|-----|---|
| 1 |     | McDowell Mountain Justice Court, with a lawyer from Gurstel's |
| 2 |     | appearing telephonically for T&I. |
| 3 | 16. | During the mediation, an agreement was reached between T&I and |
| 4 |     | Plaintiff, whereby Plaintiff would pay T&I thirty (30) monthly payments |
| 5 |     | of $150.00 ("Agreement"). |
| 6 | 17. | The Agreement provided that Gurstel would debit Plaintiff's bank account |
| 7 |     | on the 26th of each month in the amount of $150.00. |
| 8 | 18. | The Agreement also provided "that if a payment is late, T&I Enterprises, |
| 9 |     | LLC may request that the Court enter Judgment in the amount of |
| 10 |    | $4605.74, less any payments made . . . ." |
| 11 | 19. | The Agreement specifically provided that "This AGREEMENT is in full |
| 12 |    | and final settlement of all claims under this lawsuit." |
| 13 | 20. | At the end of the mediation, Plaintiff personally signed the Agreement, |
| 14 |    | and the mediator signed the Agreement with permission on behalf of the |
| 15 |    | Gurstel lawyer. (A copy of the Agreement is attached hereto as Exhibit |
| 16 |    | A). |
| 17 | 21. | Beginning March 26, 2012, Gurstel debited Plaintiff bank account for the |
| 18 |    | amount of $150.00 as agreed upon in the mediation. |
| 19 | 22. | These debits continued through February 26, 2013, with no payment ever |
| 20 |    | being late or returned. |
| 21 | 23. | However, on February 19, 2013, before taking the February 26, 2013 |
| 22 |    | payment, Gurstel sent Plaintiff a letter which stated in part: |

> Although our office had set up a promised payment arrangement with you regarding this file, you did not return the Settlement Agreement as required. Our office sent you a letter requesting that document on December 18, 2012, to which you did not respond.

> Therefore, the prior promised payment arrangement is hereby terminated. You may continue to make voluntarily payments on this account as the litigation proceeds.

(A copy of the February 19, 2013 letter is attached hereto as Exhibit B).

24. Contrary to the assertion made by Gurstel in its February 19, 2013 letter, the parties had not agreed to enter into any additional "Settlement Agreement."

25. At the time Gurstel sent the February 19, 2013 letter, it did not have the right to unilaterally terminate the Agreement entered into during mediation.

26. Despite Plaintiff's complete fulfillment of the Agreement, on or about February 20, 2013, Gurstel filed its Plaintiff's Motion to Reconsider Motion for Summary Judgment in the justice court.

27. At the same time, Gurstel filed Plaintiff's Motion for Summary Judgment, and its Statement of Facts in Support of Motion for Summary Judgment."

28. Gurstel also filed an Affidavit of Attorney's Fees and Statement of Costs and Notice of Taxation of Costs.

29. On March 18, 2013, the McDowell Mountain Justice Court entered judgment against Plaintiff for $4,005.74.

30. At the time Gurstel filed for summary judgment, Plaintiff was not in default in her payments under the mediated agreement.

31. At the time Gurstel filed for summary judgment, Gurstel had timely debited Plaintiff's account each and every month, including the month it filed its motion for summary judgment.

32. Even after the judgment was entered, Gurstel continued to debit Plaintiff'

1  bank account.

2  33.  As a result of Defendant's actions as outlined above, Plaintiff has suffered damages including, but not limited to, loss time from work, embarrassment, fear, anxiety, invasion of privacy, and other extreme emotional distress.

34.  Defendant's actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of Defendant's persistent and routine practice of debt collection.

35.  In the alternative, Defendant's actions were negligent.

## V. Causes of Action

### a. Fair Debt Collection Practices Act

36.  Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

37.  Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), and 1692f(1).

38.  As a direct result and proximate cause of Defendant's actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

    a)  Actual damages under the FDCPA;

    b)  Statutory damages under the FDCPA;

    c)     Costs and reasonable attorney's fees pursuant to the FDCPA; and

    d)     Such other relief as may be just and proper.

DATED    August 1, 2013    .

       s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff